516 So.2d 661 (1987)
ALABAMA FARM BUREAU MUTUAL INSURANCE COMPANY
v.
Lloyd F. MEYERS and Cordia M. Saffles, Marshall F. Boone and Elizabeth Boone.
Civ. 5766-X.
Court of Civil Appeals of Alabama.
July 1, 1987.
Rehearing Denied August 12, 1987.
Certiorari Denied November 20, 1987.
*662 Jack W. Torbert of Torbert and Torbert, Gadsden, for appellant.
Robert D. McWhorter, Jr. of Buttram & McWhorter, Centre, for appellees Lloyd F. Meyers and Cordia M. Saffles.
Gary E. Davis, Centre, for appellees Marshall F. Boone and Elizabeth Boone.
Alabama Supreme Court 86-1492.
INGRAM, Judge.
This is a dispute over insurance proceeds alleged due for hail damage to a house that Meyers and Saffles (vendors) sold to the Boones (purchasers). Both the district and circuit courts held Farm Bureau (insurance company) liable to the vendors, and the vendors liable to the purchasers, for the amount of the hail damage. Both the insurance company and the vendors have appealed.
A real estate contract was executed between the vendors and the purchasers, the contract providing that the purchasers would assume the vendors' outstanding loan on the house and would pay the total purchase price at closing, minus the earnest money paid when the contract was signed. Between the execution of the contract and the closing of the transaction, the house was damaged by a hailstorm. Neither the vendors nor the purchasers were aware of this damage at the time the deed was conveyed at closing; the damage was not discovered until after the purchasers had paid the balance due on the contract and moved into the house. The purchasers paid $1,913 to have the damaged roof repaired.
The purchasers subsequently sued the vendors and the insurance company. The vendors cross-claimed against the insurance company. The purchasers' action against the insurance company was dismissed in the district court. After the district court held for the vendors against the insurance company, and for the purchasers against the vendors, the insurance company and the vendors appealed to the circuit court. In affirming the district court, the circuit court cited Alabama Farm Bureau Mutual Ins. Serv. v. Nixon, 268 Ala. 271, 105 So.2d 643 (1958), as the general rule applicable to the case at bar. Nixon is squarely in line with
"the rule quite generally followed ... that the proceeds of the vendor's insurance policies, even though the purchaser did not contribute to their maintenance, constitute a trust fund for the benefit of the purchaser to be credited on the purchase price of the destroyed property, the theory being that the vendor is a trustee of the property for the purchaser."
Annot., 64 A.L.R.2d 1406, § 4 (1959). This constructive trust theory applies where, as here, the purchaser as equitable owner would bear the loss from a destruction of *663 the property between the time of execution and the completion of the sale, when the contract is silent as to insurance. See 77 Am. Jur.2d Vendor and Purchaser § 371, at 522 (1975). And, as here, "[t]he fact that the contract is carried out without abatement of the price has been held not to affect the right of the purchaser in this respect." Id.
The insurance company's primary argument on appeal is that it is not liable to the vendors because the vendors did not have an insurable interest in the house once they conveyed the deed to the purchasers. That is the wrong question. The issue is whether the vendors had an insurable interest at the time of the hailstormthat is, after execution but before conveyance. There is little doubt but that that question must be answered in the affirmative. See generally 3 Couch on Insurance 2d § 24:101, at 161 (1984); and Milwaukee Mechanics Ins. Co. v. Maples, 37 Ala.App. 74, 66 So.2d 159 (1953). It is undisputed on appeal that the vendors' insurance was in force at the time of the hail damage. Coupled with the fact of their insurable interest in the house at that time, the vendors were correctly adjudged to have a valid claim against the insurance company for the amount it cost the purchasers to have the roof repaired.
Having hereinabove affirmed the trial court's judgment that the vendors' insurance must pay the vendors for the roof damage, we must now address the vendors' contention that they are not obligated to pay over such funds to the purchasers. Such contention is without merit. The vendors have received the full purchase price for the housethe price agreed upon before the hail-inflicted roof damage. To allow the vendors to retain the proceeds of the insurance settlement in addition to the purchase price would be to provide the vendors with a windfall, while simultaneously requiring the purchasers to pay for that which they did not receive. The well-settled rule enunciated in Nixon is to protect against just that sort of windfall.
The judgment of the trial court in favor of the purchasers against the vendors and the vendors against the insurance company is affirmed.
AFFIRMED.
BRADLEY, P.J., concurs.
HOLMES, J., not sitting.